UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                    Case Number 2:26-cr-22(1)
                                                        Judge Edmund A. Sargus, Jr.

**GARRY LEON TINDALL,**

    **Defendant.**

## ORDER

This matter came before the Court Defendant Garry L. Tindall's Motion to Revoke Detention Order. (ECF No. 25.) The Court held a Hearing on Mr. Tindall's Motion on February 12, 2026. (ECF No. 27.) At the conclusion of the Hearing, the Court orally denied Mr. Tindall's Motion. (*Id.*) This Order memorializes the Court's ruling from the bench at that Hearing. (*Id.*)

## BACKROUND

In March 2025, investigators received information from a confidential source that Mr. Tindall was involved in drug trafficking operations. (ECF No. 7, PageID 22–23.) The Drug Enforcement Agency in Columbus, Ohio investigated the allegation by tracking his location and surveilling his apartment. (*Id.* PageID 23.) At the apartment, investigators inspected a trash bag that Mr. Tindall was observed throwing away and discovered kilogram wrappers and rubber gloves that contained traces of cocaine. (*Id.* PageID 26.) Investigators obtained a warrant to search the apartment, where they discovered approximately 30 kilograms of suspected cocaine, 15 kilograms of suspected fentanyl, six firearms, approximately $15,000 in cash, and other drug paraphernalia. (*Id.* PageID 27–29.) Further, on the same day of the apartment search, Mr. Tindall was observed at the John Glenn International Airport in Columbus, Ohio, where he checked two

luggage bags at the ticket counter. (*Id.* PageID 27.) Investigators obtained a search warrant for the luggage bags, where they discovered $60,000 in cash concealed in the insoles of multiple shoes inside the luggage bags. (*Id.*)

The Magistrate Judge issued an arrest warrant for Mr. Tindall on August 4, 2025. (ECF No. 2.) Mr. Tindall was arrested in California on August 6, 2025. (ECF No. 10, PageID 40.) There, the Pretrial Services Office for the Eastern District of California prepared Pretrial Report concluding that Mr. Tindall may pose a danger to the community and risk of flight and recommending that Mr. Tindall be detained pending further proceedings. (Mot., ECF No. 25, PageID 139–40.) After a detention hearing the Pretrial Services Office issued an Addendum to its Pretrial Report, where it reached the same conclusion. (*Id.* PageID 140.) On August 26, 2025, the Magistrate Judge in the Eastern District of California ordered Mr. Tindall to be detained pending trial. (ECF No. 10, PageID 41.)

Mr. Tindall was subsequently transported to the Southern District of Ohio. (Mot., PageID 139.) The Pretrial Services Office for the Southern District of Ohio ("S.D. Ohio PSO") issued an Addendum to the existing Pretrial Report. (*Id.* PageID 141.) The S.D. Ohio PSO's Addendum recommended that Mr. Tindall be released with special conditions because it scored Mr. Tindall as a Category 3 on the Pretrial Risk Assessment instrument. (*Id.*) According to the Addendum, defendants in Category 3 are "successful on bond in the following percentages: 97.5% appear in Court; 98.7% do not incur a new arrest for a violent offense; and 91.5% do not incur any new arrest." (*Id.* PageID 142 (quoting the S.D. Ohio PSO's Addendum).) Mr. Tindall asks the Court to (1) revoke the detention order imposed by the Eastern District of California and (2) release him on conditions recommended by the S.D. Ohio PSO. (*Id.* PageID 143–44.)

Mr. Tindall has been charged with (1) conspiring to distribute and possess with the intent to distribute a controlled substance; (2) possession of a controlled substance with intent to distribute; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) possession of a firearm by a prohibited person; and (5) maintaining a drug premises. (ECF No. 19.)

## APPLICABLE LAW

Under the Bail Reform Act, federal courts have two options regarding how to proceed with a criminal defendant who is awaiting trial: either release the defendant on bail or order him detained without bail. *Reno v. Koray*, 515 U.S. 50, 57 (1995). The charges in this case trigger a statutory presumption in favor of detention. 18 U.S.C. § 3142(e)(3). The statute sets forth four factors for courts to consider when deciding pretrial detention:

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g).

## HEARING

At the February 12, 2026 Hearing, Mr. Tindall and the Government presented their arguments, which were guided by the 18 U.S.C. § 3142(g) factors. (ECF No. 27.) Mr. Tindall's attorneys emphasized Mr. Tindall's connection to his family and the S.D. Ohio PSO's recommendation that Mr. Tindall be released subject to certain conditions, which Mr. Tindall is prepared to abide by. (*Id.*) The Government presented the allegations in the charges, including the extent of the drug trafficking operation, Mr. Tindall's criminal history, Mr. Tindall's personal

life, and the potential sentences he could face. (*Id.*) The Government also presented exhibits, including photos from the apartment and luggage searches. (*Id.*)

The Court considered the statutory presumption in favor of detention in this case and analyzed the 18 U.S.C. § 3412(g) factors in light of the presented arguments, the criminal complaint and affidavit, the indictment, and the Pretrial Report and Addendums. For the reasons stated on the record during the Hearing, the Court concluded that given the nature of the charges, Mr. Tindall's criminal history, and pending charges in California, there is no combination of conditions that can reasonably assure Mr. Tindall's appearance and the safety of other persons in the community. *See* 18 U.S.C. § 3142(e). Accordingly, the Court orally denied Mr. Tindall's Motion (ECF No. 25). (ECF No. 27.)

Mr. Tindall shall remain detained pending trial.

**IT IS SO ORDERED.**

**2/13/2026**                                                            s/Edmund A. Sargus, Jr.
**DATE**                                                                 **EDMUND A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**